UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BOBBY G BOYCHER ET AL**            CASE NO. 2:24-CV-01391

**VERSUS**                           JUDGE JAMES D. CAIN, JR.

**UNITED STATES OF AMERICA**         MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 19] filed under Federal Rule of Civil Procedure 56 by plaintiffs in this Federal Tort Claims Act suit. The government opposes the motion. Doc. 21.

## I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 5, 2021, in Vernon Parish, Louisiana. Doc. 1. Plaintiffs allege as follows: On that date, Frank Boycher was driving with guest passengers Bobby Boycher and Linda Boycher (his parents) and Sarah Boycher (his niece) in a 2006 Ford Taurus owned by Brenda Boycher (his sister). *Id.* at ¶ 6; *see* doc. 19, att. 2, p. 6. The vehicle was proceeding in an easterly direction on LA 28 in the inside travel lane, approaching the intersection with LA 121. Doc. 1, ¶ 6. At the same time Sergeant Laura Oklapek was operating a military Humvee in a northerly direction LA 121, approaching its intersection with LA 28. *Id.* at ¶ 7. Plaintiffs further allege that, "suddenly and without warning, [Sergeant] Oklapek drove the Humvee past a

yield control device from LA 121 out onto LA 28," resulting in a violent collision with the Boychers' vehicle. *Id.*

Plaintiffs timely provided notice of their claim via SF95 forms. *Id.* at ¶ 4. The administrative process concluded without settlement. *Id.* Plaintiffs[1] then timely filed suit in this court against the United States on October 10, 2024, seeking to recover for the bodily injury and property damage sustained in the crash through the Federal Tort Claims Act ("FTCA"). The government has admitted that Sergeant Oklapek was acting within the course and scope of her employment as an active-duty soldier with the U.S. Army at the time of the accident and that the suit thus falls under the FTCA. Doc. 5, p. 6. The matter is set for a bench trial before the undersigned on March 9, 2026. Doc. 13. Plaintiffs now bring a motion for partial summary judgment on liability. Doc. 19. The government opposes the motion. Doc. 21.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

---

[1] The original plaintiffs to this suit were Frank Boycher, Bobby Boycher, Linda Boycher, Sarah Boycher, and Brenda Boycher. Doc. 1. Bobby Boycher passed away in January 2025 and his wife, Linda Boycher, and adult children Frank and Brenda Boycher were substituted in a survival action. Docs. 9, 17.

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

The FTCA, 28 U.S.C. § 2675(a), is a limited waiver of the government's sovereign immunity for certain tort claims brought against employees of the United States under the doctrine of respondeat superior. It provides district courts with jurisdiction over claims based on the negligent or wrongful acts of government employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2675(b). Accordingly, the court

applies the tort law of the state where the alleged injury occurred—in this case, Louisiana—to determine the government's liability. *Villafranca v. United States*, 587 F.3d 257, 260 (5th Cir. 2009).

Louisiana courts determine liability for negligence based on a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Dev.*, 916 So.2d 87, 101 (La. 2005). Through this test the plaintiff must show all of the following:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006)).

Plaintiffs seek summary judgment on liability based on (1) the testimony of Frank Boycher, (2) the government's interrogatory responses, and (3) a memorandum from the record of plaintiffs' administrative claim containing notes from the interview of Sergeant Oklapek.[2] Mr. Boycher testified:

> I was in the driving lane, and noticed there was a convoy off to the right-hand side of the road, making a right-hand turn. So there's a line of vehicles. So I moved into the left-hand lane to give them, you know, room in case anything happened. As I approached the intersection, just suddenly a vehicle in front of me. You don't—you only have a split second so I applied the brakes as hard as I could and just made—it was an instinct move to the left. So at— that left move hit us—and we hit in the front of the—hit the front to the

---

[2] The interview was conducted via Microsoft Teams in 2023, while Sergeant Oklapek was stationed in South Korea. Doc. 19, att. 5.

> Humvee with the right side of the front of our car, deflected the hit, and we went off into the median on the left-hand side of the road.

Doc. 19, att. 3, pp. 9–10. He stated that he was traveling 65 mph at the time of the accident. *Id.* at 10. He confirmed that there was a stop sign for vehicles approaching the intersection from LA 121 but no signs or lights restricting his travel along LA 28. *Id.* at 16–17.

Meanwhile, Sergeant Oklapek stated that she was acting as a safety officer and had been awake for roughly 30 hours at the time of the accident, with 24 of those hours on duty. Doc. 19, att. 5, p. 1. She was waiting to turn left onto Highway 28 and saw a convoy halted on the side of the road. *Id.* She waited a "solid minute" to see if any other cars would come from that lane, but could not see past the convoy. *Id.* She was traveling approximately 10 miles per hour at the time of the accident, which caused her to be ejected from the vehicle. *Id.* Finally, the government was asked to produce any evidence of plaintiff or third-party fault in plaintiffs' interrogatories. Doc. 19, att. 4, p. 3. The government objected in responses filed on May 6, 2025, stating that it had not conducted sufficient discovery on those issues. *Id.*

Viewing the accounts in a light most favorable to the government, and even in the absence of any evidence of comparative fault, the court cannot find a sufficient basis to grant summary judgment. Sergeant Oklapek stated that she waited a full minute to determine if any other vehicle was approaching the intersection and was only traveling 10 miles per hour, while Mr. Boycher testified that her vehicle entered the intersection "suddenly." The conflicting accounts invite a credibility determination, which is inappropriate under this proceeding. Additionally, the record contains only vague, verbal

(rather than visual) descriptions of the convoy and its potential obstruction of the parties' views. Mr. Boycher's decision to continue around the convoy, depending on its positioning, as well as his failure to reduce his speed may provide grounds for comparative fault.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 19] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 21st day of October, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**